■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM EASTMAN, Appellant.—Judgment unanimously reversed, on the law and facts, and indictment dismissed. Memorandum: On this appeal from a judgment entered on a jury verdict convicting defendant of robbery in the first degree and possession of a weapon it is undisputed that the defendant was in possession of the automobile used in the robbery and that, both before and after the robbery, he was in the company of the person who plead guilty to the robbery. The only other evidence linking defendant with the robbery was that, upon arrest, he had nine rounds of ammunition in his possession that fit the weapon used and $35.25 consisting mostly of $1 bills. No proof was offered, however, which placed defendant at the scene of the robbery. His explanation of where he was at the time was not rebutted but rather confirmed by a disinterested witness. The defendant took the stand and testified that the nine .22 caliber shells in his pocket were from an old jar that contained pennies which he and his wife rolled the night before. "The oft-stated rule with respect to convictions based exclusively upon circumstantial evidence is that for guilt to be proven beyond a reasonable doubt the hypothesis of guilt should flow naturally from the facts proved, and be consistent with them; and the facts proved must exclude 'to a moral certainty' every reasonable hypothesis of innocence (E.g., *People v Borrero,* 26 NY2d 430, 434–435; *People v Cleague,* 22 NY2d 363, 365–366)" *(People v Benzinger,* 36 NY2d 29, 32). Here there is a gap in the direct evidence since the People have failed to present any proof placing the defendant at the scene of the robbery. Absent such proof, the conviction is one where " 'conjecture has filled the gaps left open by the evidence, and the presumption of innocence has yielded to a presumption of guilt' *(People v Galbo,* 218 NY 283, 294)" *(People v Leyra,* 1 NY2d 199, 210). The fact that defendant's brother, who plead guilty to the crime, testified falsely that one Tim Reed accompanied him during the commission of the crime does not supply affirmative proof—to fill the missing gap—that defendant was present in the car during the robbery. The defendant did not testify that his brother was accompanied by Reed. An inference of guilt should not be permitted from incredible testimony by a third person when no fact has been proven which links the defendant with the crime except by inference (see *People v Woltering,* 275 NY 51). The facts are not inconsistent with the innocence of the defendant. Those facts which were proved failed to exclude "to a moral certainty" every reasonable hypothesis of innocence *(People v Benzinger, supra).* (Appeal from judgment of Onondaga County Court convicting defendant of robbery, first degree and possession of a weapon.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Del Vecchio, JJ.